UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DEBBIE LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15 CV 26 |
| | ) |
| HALSTED FINANCIAL SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

### OPINION and ORDER

I.   BACKGROUND

On January 16, 2015, plaintiff Debbie Lee filed suit against defendant Halsted Financial Services, LLC, for alleged violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (DE # 1.) A summons returned executed by plaintiff indicates that defendant was served February 3, 2015. (DE # 4.) By rule, defendant had 21 days after service of the summons and complaint to file a responsive pleading. *See* FED. R. CIV. P. 12(a)(1)(A)(i). To date, defendant has not filed any responsive pleading or otherwise appeared in this case. At plaintiff's request, the Clerk entered defendant's default on April 20, 2015. (DE # 6.) Plaintiff filed this motion for default judgment on March 21, 2016 (DE # 10), to which defendant has not responded. Plaintiff seeks statutory damages, attorneys' fees and costs, and actual damages for emotional distress.

II.   LEGAL STANDARD

The court may enter default judgment against a party against whom affirmative relief is sought when it fails to plead or otherwise defend. FED. R. CIV. P. 55(b)(2). "The

grant or denial of a motion for the entry of a default judgment lies within the sound discretion of the trial court . . . ." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983). If the court determines that the defendant is in default, all well-pleaded allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). The court may hold a hearing or conduct an investigation to determine the amount of damages, FED. R. CIV. P. 55(b)(2), however, no investigation is needed if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323.

### III.   FACTS

Based on defendant's default, the court takes the allegations in the complaint as true. Plaintiff's affidavit, submitted with this motion, further establishes the veracity of the allegations made in her complaint.

On or about July 25, 2014, an employee, agent, or other representative of defendant, who identified himself as "Mr. Bell," telephoned plaintiff in an attempt to collect an alleged debt.[1] (DE # 10-2 ¶ 5.) Plaintiff informed Mr. Bell that she was represented by a law firm with respect to the alleged debt. (*Id*.) She also provided her attorney's contact information. (*Id*.) Defendant then placed additional telephone calls to plaintiff, attempting to collect the alleged debt, on or about July 26, 28, and 29, 2014. (*Id.*

---

[1] Plaintiff alleges, in the complaint, that this alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5). (DE # 1 ¶ 7.)

¶ 6.) During at least one of those additional calls, plaintiff spoke with Mr. Bell and reminded him that she was represented by a law firm with respect to the alleged debt. (*Id.* ¶ 7.)

Plaintiff also alleges that she has a history of severe anxiety. (*Id.* ¶ 8.) She says she "suffered from anxiety attacks" as a result of defendant's telephone calls. (*Id.* ¶ 9.)

## IV.    LEGAL CONCLUSIONS

The court has subject matter jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and venue is proper under 28 U.S.C. § 1391(b)(2). Personal jurisdiction is established over defendant due to defendant's minimum contacts with Indiana (defendant called plaintiff in Indiana, on multiple occasions, to collect the alleged debt).

Plaintiff's complaint alleges three violations of the FDCPA. First, plaintiff contends defendant violated 15 U.S.C. § 1692c(a)(2) which states that "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." When plaintiff was called by defendant on July 25, 2014, she informed Mr. Bell (and therefore, defendant) that she was represented by an attorney with respect to the alleged debt and provided the attorney's contact information. Accordingly, defendant had knowledge of the attorney representation when it called plaintiff multiple times after July 25. Mr. Bell, in particular, placed one of the later calls despite having direct knowledge that plaintiff was represented by counsel. Therefore, the court finds defendant violated § 1692c(a)(2) of the FDCPA.

Second, plaintiff alleges that defendant violated 15 U.S.C. § 1692d. Section 1692d provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Plaintiff provides no further explanation as to the manner in which she believes defendant's conduct violated this section of the FDCPA, and she does not allege facts suggesting that the natural consequence of defendant's calls would be to harass, oppress, or abuse plaintiff. Defendant provides no evidence or allegations that defendant's operatives stated anything in the telephone calls aside from their intentions to collect a debt. Such statements on their own do not indicate harassment, oppression, or abuse.

Section 1692d, itself, contains a non-exhaustive list of six actions which violate the section. The only relevant item is number (5) which provides that it is a violation when an individual acts by "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." § 1692d(5). Courts have generally found intent in two types of situations: (1) where the plaintiff has shown that he asked the defendant to stop calling or has informed the defendant that it has the wrong number; and (2) where the volume and pattern of the calls may themselves evidence intent. *Hendricks v. CBE Group, Inc.*, 891 F. Supp. 2d 892, 896 (N.D. Ill. 2012) (collecting cases).

Although plaintiff alleges that she told defendant she was represented by an attorney, she does not allege that she told defendant not to call back or that a wrong number was dialed. Next, regarding the volume and pattern of the calls, plaintiff does not identify the exact number of telephone calls that she received from defendant. She

4

asserts only that she received "additional telephone calls" "on or about July 26, 28, and 29, 2014." (DE # 10-2 ¶ 6.) Thus, the court cannot determine if any more than four total calls were placed. A total of four telephone calls (placed once per day over a time span of only a few days) would not, on its own, demonstrate an intent to annoy, abuse, or harass. Accordingly, the court rejects plaintiff's contention that defendant violated 15 U.S.C. § 1692d.

Third, plaintiff asserts that defendant violated 15 U.S.C. § 1692f, which prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt. Besides her general allegation, plaintiff provides no further explanation as to how she believes defendant's conduct was unfair or unconscionable. Similar to § 1692d, § 1692f contains a non-exhaustive list of actions which violate this section. However, plaintiff alleges no facts which indicate that any of defendant's actions were at all similar to those enumerated in § 1692f.

The court finds that plaintiff alleges no actions on the part of defendant that amount to any unfair or unconscionable means of attempting to collect a debt. Accordingly, the court rejects plaintiff's contention that a violation of 15 U.S.C. § 1692f occurred in this case.

V.    DAMAGES & FEES

A court may award an aggrieved FDCPA plaintiff "statutory" damages, not to exceed $1,000. 15 U.S.C. § 1692k(a)(2)(A). The court should consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Defendant violated § 1692c(a)(2) on at least three occasions: each time it intentionally telephoned plaintiff after learning that she was represented by counsel. Instances of repeated violations have been found to justify awards of $1,000, the maximum permitted under the statute. *See, e.g., Crass v. Marval & Assocs. LLC,* No. 10C0058, 2010 WL 2104174, at *1 (E.D. Wis. 2010) (awarding $1,000 in statutory damages on default judgment; defendant contacted plaintiff and plaintiff's son multiple times in violation of the FDCPA). Given that the violation in the case at hand was in fact a repeated violation, the court finds that an award of $1,000.00 in statutory damages is appropriate.

A debt collector who violates the FDCPA is also liable for actual damages sustained. 15 U.S.C. § 1692k(a)(1). FDCPA actual damages encompass damages for emotional distress. *Minnifield v. Johnson & Freedman, LLC,* 448 Fed. App'x. 914, 917 (11th Cir. 2011); *Johnson v. Eaton,* 80 F.3d 148, 152 (5th Cir. 1996); *Ford v. Consigned Debts & Collections, Inc.,* No. 09–3102, 2010 WL 5392643, at *5 (D.N.J. Dec. 21, 2010) (collecting cases).

In this case, plaintiff's only evidence of her emotional damages are the statements made in her affidavit that she has "a history of severe anxiety" and that as a result of defendant's telephone calls, she "suffered from anxiety attacks." (DE # 10-2 ¶¶ 8-9.) Plaintiff also asserts that she has "sustained actual damages of not less than $5,000.00 as a result of the stress, aggravation, emotional distress and mental anguish that [d]efendant has caused [her] by constantly calling to collect the alleged debt." (*Id*. ¶ 10.) However, "when the injured party's own testimony is the only proof of

6

emotional damages, [she] must explain the circumstances of [her] injury in reasonable detail; [she] cannot rely on mere conclusory statements." *Denius v. Dunlap*, 330 F.3d 919, 929 (7th Cir. 2003).

Plaintiff's conclusory allegations that she suffered from "stress, aggravation, emotional distress, and mental anguish" (DE # 10-2 ¶ 10) are insufficient to establish emotional distress. *See Crass,* 2010 WL 2104174, at *1. Furthermore, plaintiff's statement that she "suffered from anxiety attacks" is not detailed enough (no description of the exact date, length and severity of these attacks or how many attacks plaintiff endured) to support an award of emotional damages.

Furthermore, plaintiff completely lacks any outside evidence, such as a report from a treating physician, to corroborate her claims of specific anxiety attacks and her history of severe anxiety. *See Richardson v. Check Sys. Recovery, LLC*, No. 2:12-CV-106, 2012 WL 6049703, at *3 (N.D. Ind. Dec. 5, 2012) (denying emotional damages on a motion for default judgment, based in part on the lack of a report from a treating physician). The Seventh Circuit has held that a plaintiff's bare allegations, on their own, are not sufficient proof of emotional damages "unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action." *Denius,* 330 F.3d at 929.

Based on the facts as alleged in this case, defendant's conduct only consisted of calling plaintiff four times and attempting to collect a debt. The court has no evidence of any other statements or behavior of defendant. Considering the evidence, the court finds it is not reasonable to infer that a person would suffer emotional distress based on

7

defendant's actions. Therefore, the court rejects plaintiff's request for actual damages from emotional harm.

Finally, plaintiff requests attorneys' fees and costs as part of this default judgment. A successful FDCPA plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). In this case, plaintiff's counsel has submitted a detailed billing statement establishing reasonable attorneys' fees in the amount of $2,377.50. Plaintiff's counsel has also expended $400.00 on filing fees and $75.00 on service of the summons and complaint. Accordingly, the court awards plaintiff $2,852.50 in attorneys' fees and costs.

## VI.     CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment (DE # 10) is **GRANTED.** The Clerk is directed to **ENTER FINAL JUDGMENT** in this case stating:

> Final judgment is entered in favor of plaintiff Debbie Lee and against defendant Halsted Financial Services, LLC, in the amount of $3,852.50.

**SO ORDERED.**

Date: December 13, 2016

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT